CARMELA T. PAGAY (SBN 195603)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email:  ctp@lnbyb.com

(Proposed) Attorneys for Todd A. Frealy
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>MARY ELIZABETH PLYLER,<br><br>Debtor. | Case No. 6:19-bk-10365-WJ<br><br>Chapter 7<br><br>**APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. AS GENERAL BANKRUPTCY COUNSEL; DECLARATION OF CARMELA T. PAGAY IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

**TO THE HONORABLE WAYNE E. JOHNSON, UNITED STATES BANKRUPTCY JUDGE:**

Todd A. Frealy, the chapter 7 trustee ("Applicant" or "Trustee") for the estate of Mary Elizabeth Plyler (the "Debtor"), respectfully applies for authority to employ Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), as general bankruptcy counsel effective as of March 12, 2019, with compensation pursuant to 11 U.S.C. § 330, and represents as follows:

///

///

///

1

# I.

## NEED FOR LEGAL COUNSEL

1.      On January 15, 2019 (the "Petition Date"), the Debtor filed a Voluntary Petition under chapter 7 of the Bankruptcy Code.  On or after the Petition Date, Todd A. Frealy, being duly qualified, was appointed and presently is the acting chapter 7 trustee of the Debtor's bankruptcy estate.

2.      Among the assets of this estate is that certain real property located at 7151/7155 Madison Avenue, Citrus Heights, California 95621 (the "Property"), which is subject to several potentially significant liens.

3.      The Trustee requires counsel to analyze the validity and amounts claimed by the lienholders against the Property and enter into negotiations with the lienholders as necessary to allow the Trustee to sell the Property for the estate.  The Trustee will also require counsel to facilitate the sale of the Property on the open market, including obtaining turnover orders as appropriate.

# II.

## PROPOSED EMPLOYMENT OF LNBYB

4.      Applicant desires to employ LNBYB, whose address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, California, 90067, as general bankruptcy counsel in this case.  LNBYB also maintains offices located at 800 S. Figueroa Street, Suite 1260, Los Angeles, California 90017 and 3403 10th Street, Suite 709, Riverside, California 92501.

5.      In addition to the tasks described above in paragraph 3, Applicant requires counsel to continue to perform the following tasks:

        a.      advising Applicant with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor;

        b.      advising Applicant with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors;

c.    representing Applicant in any proceeding or hearing in the Bankruptcy Court involving its estate unless Applicant is represented in such proceeding or hearing by other special counsel;

d.    conducting examinations of witnesses, claimants or adverse parties and representing Applicant in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBYB's expertise or which is beyond LNBYB's staffing capabilities;

e.    preparing and assisting the Applicant in the preparation of reports, applications, pleadings and orders including, but not limited to objections to claims, settlements and other matters relating to the case;

f.    investigating, evaluating, and prosecuting objections to claims as may be appropriate; and

g.    performing any other services which may be appropriate in LNBYB's representation of Applicant during the bankruptcy case.

6.    LNBYB is composed of attorneys who specialize in the practice of bankruptcy law, three of whom are chapter 7 trustees.  The Trustee selected LNBYB for its considerable experience in similar matters and believes that LNBYB is well-qualified to represent him in conjunction with this case.

7.    All attorneys associated with LNBYB who will render services in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California.  Attached hereto as Exhibit 1 and incorporated herein by reference is a true and correct copy of LNBYB's fee schedule. LNBYB's resume, which sets forth the experience and qualifications of LNBYB's attorneys and paralegals, can be found on LNBYB's website, http://www.lnbyb.com.  Members and associates of LNBYB are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

///

///

3

8.    Applicant is a partner of LNBYB.  As set forth herein, Applicant believes that LNBYB's employment is in the best interest of the estate, as required by section 327(d) of the Bankruptcy Code as a condition of employment.  Section 327(d) of the Bankruptcy Code provides as follows: "The court may authorize the trustee to act as attorney…for the estate if such authorization is in the best interest of the estate."  11 U.S.C. § 327(d).  While the Code does not define the "best interest of the estate" standard, "it can be safely said that the estate's best interest must derive from and be compatible with the goals of bankruptcy law, that is, to maximize the value of the assets of the bankruptcy estate in the most cost efficient way for the benefit of those who owns those assets."  In re Gem Tire & Service Co., 117 B.R. 874, 878 (Bankr.S.D.Tex. 1990).

9.    While a trustee's employment of his own firm as counsel is clearly permitted under the Code, cases interpreting the meaning of "best interest of the estate" in the context of § 327(d) have required that Applicant show "cause" to justify the appointment of Applicant's law firm as his counsel.  See In re Butler Industries, Inc., 101 B.R. 194, 197 (Bankr.C.D.Cal. 1989), aff'd., 114 B.R. 695 (C.D.Cal. 1990), appeal dismissed, 8 F.3d 25 (9th Cir. 1993).  Cause exists in this case as follows:

a.    The main asset of this estate is the Property, which will probably require negotiated agreements with the lienholders concerning their lien amounts to allow a sale of the Property to yield a benefit for the estate.  Hence, counsel will effectively be working on a contingency basis until a sale of the Property can be consummated.

b.    LNBYB has extensive experience in working as counsel to maximize the potential recovery for the estate and does so in an efficient, cost-effective, and successful manner.  To the extent it becomes necessary for administrative fee claims to be reduced at the end of the case to provide a satisfactory distribution to allowed claimants, it will be easier for the Trustee to accomplish such reductions with his own firm than an outside firm.

///

///

10.    Both the Trustee and LNBYB are sensitive to the concerns expressed by the Bankruptcy Court in <u>Butler</u> regarding the possibility of a trustee's law firm performing services which a trustee would ordinarily be expected to perform.  LNBYB and Applicant will keep separate time and cost records and those routine trustee responsibilities which do not require LNBYB's services are left for Applicant.

11.    For all the foregoing reasons, the Trustee believes that LNBYB's employment is in the best interest of the estate, as required by 11 U.S.C. § 327(d) as a condition of employment.

### III.

### COMPENSATION OF LNBYB

12.    LNBYB has agreed to accept as compensation for its services such sums as may be allowed by this Court in accordance with law, based upon the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

13.    LNBYB will comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, promulgated by the U.S. Trustee Program and reprinted at 28 C.F.R. Part 58, Appendix A.

14.    LNBYB has neither received a retainer nor a lien or interest in property of the Debtor or third parties with respect to its representation of Applicant.  No agreement exists for a division of fees between LNBYB and any other person or entity except as among the members of LNBYB.

15.    No compensation will be paid by Applicant to LNBYB except upon application to and approval by this Court after notice and a hearing pursuant to sections 330 and 331 of the Bankruptcy Code.

16.    There is no agreement between Applicant and LNBYB regarding LNBYB's employment in this case other than as expressed in this Application.

///

///

5

## V.

## LNBYB IS DISINTERESTED AND DOES NOT HOLD ANY INTEREST ADVERSE TO THE ESTATE

17.    To the best of Applicant's knowledge and based upon the Declaration of Carmela T. Pagay (the "Pagay Declaration"), LNBYB and all attorneys associated with LNBYB who expect to render services in this matter are disinterested persons, do not hold or represent an interest adverse to the estate, and do not have any connections with the Debtor, the creditors of the estate, any other party in interest in this case, or each of their respective attorneys or accountants, the OUST, or any person employed by the OUST, except that LNBYB has represented the Trustee in unrelated cases before this Court.  These engagements are a matter of public record and a list can be provided upon request.  Such prior representation does not affect the proposed representation herein.

18.    To the best of Applicant's knowledge and based upon the Pagay Declaration, LNBYB:

a.    Is not and was not a creditor, an equity security holder, or an insider of the Debtor;

b.    Is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

c.    Does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

d.    Is not a relative or employee of the OUST or a United States Bankruptcy Court judge.

## VI.

## NOTICE OF THE APPLICATION IS SUFFICIENT

19.    A notice advising creditors and other interested parties of Applicant's Application to Employ Levene, Neale, Bender, Yoo & Brill, L.L.P., as general bankruptcy

1   counsel, and summarizing the Application's contents, has been filed and served in accordance

2   with Local Bankruptcy Rule 2014-1(b)(2).

3        WHEREFORE, Applicant prays that he be authorized to employ Levene, Neale, Bender,

4   Yoo & Brill, L.L.P., as general bankruptcy counsel in this case effective as of March 12, 2019,

5   with compensation to be paid in such amount as the Court may hereafter allow in accordance

6   with the law.

7

8   DATED: April 11, 2019

TODD A. FREALY, Chapter 7 Trustee

9

10

11

12  Presented by:

13  LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.

14

15  By:/s/ Carmela T. Pagay
        CARMELA T. PAGAY
16      (Proposed) Attorneys for Todd A. Frealy
        Chapter 7 Trustee
17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF CARMELA T. PAGAY

I, Carmela T. Pagay, declare as follows:

1.      I am an attorney at law, duly-qualified to practice before all courts of the State of California and before the United District Court for the Central District of California. I am a partner in the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"). I have personal knowledge of the facts stated herein, except where stated upon information and belief, and as to such statements, I believe them to be true. I make this Declaration in support of the foregoing application of Todd A. Frealy, as chapter 7 trustee, to employ LNBYB as general bankruptcy counsel (the "Application"). Unless the context indicates otherwise, capitalized terms herein shall have the meanings as defined in the Application.

2.      The Trustee desires to employ LNBYB, whose main address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067, as general bankruptcy counsel in this case. LNBYB also maintains offices located at 800 S. Figueroa Street, Suite 1260, Los Angeles, California 90017 and 3403 10th Street, Suite 709, Riverside, California 92501.

3.      LNBYB is composed of attorneys who specialize in the practice of bankruptcy law, three of whom are chapter 7 trustees. The Trustee selected LNBYB for its considerable experience in similar matters and believes that LNBYB is well-qualified to represent him in conjunction with this case.

4.      All attorneys associated with LNBYB who will render services in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. Attached hereto as Exhibit 1 and incorporated herein by reference is a true and correct copy of LNBYB's fee schedule. LNBYB's resume, which sets forth the experience and qualifications of LNBYB's attorneys and paralegals, can be found on LNBYB's website, http://www.LNBYB.com.

5.      The partners and associates of LNBYB are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules and will comply with them if employed as Applicant's counsel, as well as the procedures set forth in the

1    Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses

2    Filed Under 11 U.S.C. § 330, promulgated by the U.S. Trustee Program and reprinted at 28

3    C.F.R. Part 58, Appendix A.

4        6.    Following Applicant's request that LNBYB represent him in this case as general

5    counsel, a conflicts check was undertaken, utilizing LNBYB's client list database.    I also

6    reviewed the potential representation of Applicant with other attorneys at LNBYB to ensure that

7    no conflict of interest exists.    Based upon the conflicts check and review conducted, I believe

8    that LNBYB and its partners and associates are "disinterested persons" as defined by section

9    101(14) of the Bankruptcy Code and do not hold or represent any interest adverse to the estate.

10        7.    The conclusion that LNBYB is "disinterested," is based upon the fact that

11    LNBYB:

12            a.    Is not and was not a creditor, an equity security holder, or an insider of

13    the Debtor;

14            b.    Is not and was not, within 2 years before the date of the filing of the

15    petition, a director, officer, or employee of the Debtor;

16            c.    Does not have an interest materially adverse to the interest of the estate or

17    of any class of creditors or equity security holders, by reason of any direct or indirect

18    relationship to, connection with, or interest in, the Debtor, or for any other reason; and

19            d.    Is not a relative or employee of the OUST or a United States Bankruptcy

20    Court judge.

21        8.    In addition, as disclosed in the attached Application, the Trustee is a partner of

22    LNBYB.  However, the Trustee believes that the employment of his firm is in the best interest

23    of the estate.  Both the Trustee and LNBYB are sensitive to the concerns expressed by the

24    Bankruptcy Court in Butler regarding the possibility of a trustee's law firm performing services

25    which a trustee would ordinarily be expected to perform.  LNBYB and Applicant will keep

26    separate time and cost records and those routine trustee responsibilities which do not require

27    LNBYB's services are left for Applicant.

28

9.     LNBYB has represented the Trustee in unrelated cases before this Court.  Such prior representation does not affect the proposed representation herein.

10.     There is no agreement between Applicant and LNBYB regarding LNBYB's employment in this case other than as expressed in this Application.

11.     LNBYB has neither received a retainer nor advance fee.  LNBYB has not received and will not receive a lien or other interest in property of the Debtor or third parties to secure payment of fees.  No agreement or understanding exists for a division of fees between LNBYB and any other person or entity, except as among the partners of LNBYB.

12.     LNBYB has agreed to accept as compensation for its services such sums as may be allowed by this Court in accordance with law, based upon the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

13.     No compensation will be paid by Applicant to LNBYB except upon application to and approval by this Court after notice and a hearing pursuant to sections 330 and 331 of the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on April 11, 2019, at Los Angeles, California.

/s/ Carmela T. Pagay
CARMELA T. PAGAY

# Exhibit 1

| ATTORNEYS | 2019 Rates |
|---|---|
| DAVID W. LEVENE | 625 |
| DAVID L. NEALE | 625 |
| RON BENDER | 625 |
| MARTIN J. BRILL | 625 |
| TIMOTHY J. YOO | 625 |
| GARY E. KLAUSNER | 625 |
| EDWARD M. WOLKOWITZ | 625 |
| DAVID B. GOLUBCHIK | 625 |
| BETH ANN R. YOUNG | 595 |
| MONICA Y. KIM | 595 |
| DANIEL H. REISS | 595 |
| IRVING M. GROSS | 595 |
| PHILIP A. GASTEIER | 595 |
| EVE H. KARASIK | 595 |
| TODD A. FREALY | 595 |
| KURT RAMLO | 595 |
| JULIET Y. OH | 580 |
| TODD M. ARNOLD | 580 |
| CARMELA T. PAGAY | 580 |
| ANTHONY A. FRIEDMAN | 580 |
| KRIKOR J. MESHEFEJIAN | 580 |
| JOHN-PATRICK M. FRITZ | 580 |
| LINDSEY L. SMITH | 495 |
| JEFFREY KWONG | 450 |
| PARAPROFESSIONALS | 250 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. AS GENERAL BANKRUPTCY COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **_April 15, 2019_**, I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd A. Frealy (TR)    taftrustee@lnbyb.com, taf@trustesolutions.net
- Nancy L Lee    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- Gary S Saunders    Linda@saunderslawoffice.com,
  Gary@saunderslawoffice.com;Arthur@saunderslawoffice.com
- Valerie Smith    claims@recoverycorp.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **_April 15, 2019_**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor
Mary Elizabeth Plyler
6740 Ivanpah
Twentynine Palms, CA 92277

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 15, 2019 | Megan Wertz | /s/ Megan Wertz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**